**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180727-U

Order filed February 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0727 Circuit No. 18-CF-5 |
| | ) | |
| ESTEBAN M. AVILA, | ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*: The State proved defendant guilty of aggravated discharge of a firearm and aggravated battery beyond a reasonable doubt because the circuit court could infer from the evidence presented that defendant drove the vehicle and conducted the shooting at issue.

¶ 2     Defendant, Esteban M. Avila, appeals his convictions for aggravated discharge of a firearm and aggravated battery. Defendant argues the evidence was insufficient to prove him guilty of the offenses beyond a reasonable doubt. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2016)) and aggravated battery (*id.* § 12-3.05(e)(1)). The cause proceeded to a bench trial.

¶ 5        The evidence at trial showed that on the morning of December 31, 2017, defendant engaged in a fight at a house party and was asked to leave. Two witnesses testified they saw defendant enter his white, four-door sedan and drive away. A short while later, the partiers heard what they initially thought were firecrackers but what were in reality bullets being fired into the house from outside. They then observed dust and drywall flying off the wall, and one of the partiers began bleeding from her neck.

¶ 6        Surveillance footage from a nearby beauty salon showed a vehicle identical to defendant's drive away from the house at 7:01 a.m., only to return and drive past the house without stopping at 7:36 a.m. One of the partiers called 911 at 7:38 a.m.

¶ 7        Marseilles Police Detective Jake Callahan testified that he collected four bullet shell casings from the street in front of the house. Callahan observed four bullet holes in the house: three around the upstairs window at the front of the house, which faced the street, and one under the carport. Callahan interviewed defendant on the same day that the shooting took place and noticed visible bruising and blood on defendant's face. Pursuant to a warrant, Callahan searched defendant's vehicle and residence, in which defendant's father also lived. Callahan discovered five shell casings frozen to the vehicle's exterior and two sets of keys to the vehicle in the residence. Callahan found no weapons or ammunition in defendant's residence. The parties stipulated that a firearms analyst would testify the casings found in the street and on defendant's vehicle were fired from the same gun.

¶ 8    The court found defendant guilty on both charges, noting it was permitted to draw reasonable inferences from the evidence presented, and sentenced defendant to 12 years' imprisonment on each charge, to be served concurrently. Defendant appeals.

¶ 9                                II. ANALYSIS

¶ 10    Defendant argues the State failed to prove beyond a reasonable doubt that he drove the vehicle in question when shots were fired from it. We disagree. The evidence, viewed in the light most favorable to the State, permitted the court to infer that defendant drove the vehicle and find him guilty beyond a reasonable doubt of the charged offenses.

¶ 11    "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). A reviewing court must ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Gray*, 2017 IL 120958, ¶ 35. "A conviction may be based upon circumstantial evidence ***." *People v. Huff*, 29 Ill. 2d 315, 320 (1963).

¶ 12    A person commits aggravated discharge of a firearm when he knowingly or intentionally "[d]ischarges a firearm at or into a building he *** knows or reasonably should know to be occupied and the firearm is discharged from a place or position outside that building." 720 ILCS 5/24-1.2(a)(1) (West 2016). A person commits aggravated battery when, in committing a battery, he knowingly "[d]ischarges a firearm *** and causes any injury to another person." *Id.* § 12-3.05(e)(1).

3

¶ 13    Defendant argues the State failed to prove beyond a reasonable doubt that he was driving the vehicle in question when it passed the house and shots were fired from it. Specifically, defendant notes that the State presented no direct evidence that defendant operated the vehicle from which the shots were fired and insists the circumstantial evidence upon which the State relied was insufficient to prove his guilt beyond a reasonable doubt. However, the court could reasonably infer from the evidence presented that defendant drove the vehicle and carried out the shooting.

¶ 14    The evidence presented shows that defendant engaged in a fight at the party, causing the other partiers to ask him to leave. The fight was sufficiently serious to leave defendant's face bruised and bloody when the detective interviewed him later that day. This provided defendant with a motive to commit the charged offense. Shortly after defendant left the party, his vehicle— or one identical to his own—drove past the house where the party took place. At that time, some of the partiers heard what they thought were firecrackers, dust and drywall flew off the wall, and one of the partiers began bleeding from her neck. The detective discovered four bullet holes in the house, four bullet casings in the street in front of the house, and five casings frozen to the exterior of defendant's vehicle, which matched the casings found on the street. While the court acknowledged there was no direct evidence that defendant drove the vehicle and committed the shooting, it properly observed that it could draw reasonable inferences from the evidence. See *Gray*, 2017 IL 120958, ¶ 35. Based on the evidence presented, the court could reasonably infer that defendant drove the vehicle and fired the shots in question and find him guilty beyond a reasonable doubt of aggravated discharge of a firearm and aggravated battery.

¶ 15    From our review of the record, viewing the evidence in the light most favorable to the State, a rational trier of fact could have reached the same conclusion as the circuit court. See

4

*Collins*, 106 Ill. 2d at 261. Therefore, the evidence presented was sufficient to prove defendant's guilt beyond a reasonable doubt.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of La Salle County is affirmed.

¶ 18        Affirmed.